For the 4th Circuit, Judge Davis and I are pleased to have U.S. District Judge Max Cogburn from the Western District of North Carolina sitting with us on the first case. So, Mr. Adams, ready to proceed? Good morning, Your Honors, and may it please the Court, William Adams for Appellant Colgate. In this case, Plaintiffs' Counsel told the Federal Court that they were suing multiple defendants, including in-state defendants, so as to destroy diversity jurisdiction and require remand to State Court. In State Court, merely eight days after obtaining remand on that basis, they disavowed those statements and told the State Court that this was a single defendant case against Colgate only. When Colgate sought relief under Rule 60B-3 for this strategic manipulation of the removal and remand process, the District Court held that 28 U.S.C. 1447-D barred it from vacating the remand orders. This was legal error. Section 1447-D nowhere protects plaintiffs who engage in the jurisdictional manipulation that occurred here. In fact, Section 1447-D is a narrow jurisdiction stripping provision that precludes only review of orders remanding a case to State Court. Review means review of the merits of the order remanding the case to State Court, and we know that from the Supreme Court's decision in McNary in 1991, which interpreted a similar jurisdiction stripping provision in the immigration laws when it interpreted review to mean only the determination of the immigration agency and not collateral issues like those that are at issue here. Section 1447-D indeed permits vacater of a remand order when vacater is based on grounds other than the merits of the remand order. Indeed, several other of your sister circuits have held that vacater of a remand order is permissible notwithstanding 1447-D when they are based on issues that are collateral to the jurisdictional ruling. For example, in the Fifth Circuit, the Tremonte case, the Fifth Circuit held, the Fifth Circuit vacated a remand order because where there were issues as to whether the district court should have recused itself. And it did so notwithstanding 1447-D because the issue of the recusal of the district court's judge was collateral to the merits. The Fifth Circuit expressly held that in making that determination, it was not reviewing the underlying remand order. It was simply passing on what the district court should have recused and therefore vacated for that reason. Likewise, in the Williams case from the Second Circuit, that court also vacated a remand order notwithstanding 1447-D because there was an issue as to whether the district court gave appropriate deference or too much deference to the magistrate judge's determination. Again, the Second Circuit held that 1447-D does not prohibit vacater of the remand order where it's on a basis other than the jurisdictional ruling. And also the Eleventh Circuit in Aquamar, it also vacated a remand order notwithstanding 1447-D. So we respectfully suggest, Your Honors, that the district court got it wrong when it relied on 1447-D to vacate or to deny vacater of the remand orders here and to deny the relief that Colgate sought under Rule 60B-3. So to step back a moment, Colgate filed two motions in the district court, one seeking sanctions and one seeking Rule 60B-3 relief. For both those motions, Colgate sought to vacate the underlying remand orders on account of the misconduct that it alleged occurred by plaintiff's counsel. As I stated earlier, that misconduct... Did you file a complaint with the district court's disciplinary committee? We did not, Your Honor. Why not? In our sanctions motion, we requested multiple forms of possible relief, one of which would have been referral to the district court's disciplinary committee. But we frankly don't think that that relief would be effective here. The perfectly tailored remedy for the violations and for the jurisdictional manipulation that occurred here is to vacate the remand order because that's the only way that Colgate, the defendant, the party defendant here, can be made whole. The only way that Colgate can get to federal court to the forum in which it believes it's entitled. A referral to the disciplinary committee, while perhaps preventing future jurisdictional manipulation, would not in fact give any benefit to Colgate. Does your position amount to an assertion that opposing counsel knowingly lied to the court? And if that's so, I would think a sanction would certainly be one that the court's disciplinary committee would want to consider and act on. Whether you call it a lie... No, I'm not calling it a lie. No, I'm not saying... I'm asking you, what are you calling it? Whether one calls it a lie, a concealment... I'm asking you, what are you calling it? I call it a manipulation, a strategic manipulation of jurisdiction, Your Honor. Which lawyers do every day, right? Isn't that what every client wants his or her lawyer to do? Within the bounds of the law, Your Honor, within the bounds of their ethical obligations, and within the bounds of their duty of candor to the court. So this was outside of those bounds? Absolutely, Your Honor. So was it a lie? I would say it was, at minimum, it was a manipulation of jurisdiction because on day one, in the federal court, counsel told the federal court this was a multi-defendant case. They were pursuing it against in-state plaintiffs, which destroyed diversity jurisdiction. Eight days after getting remand, they said the opposite. Didn't they want to regroup? Didn't they want to have a regrouping of this, and Colgate's position was that they could not do this with these other defendants, and that's when they changed their strategy and decided that they would not pursue against the other defendants? Respectfully, Your Honor, we don't think there was any change of strategy across the course of the state court litigation. The reason that Colgate removed the case in the first instance was based upon the disavowing of what appeared to be disavowing of claims against the in-state defendants, and we removed on that basis. And only once we got to federal court did the plaintiffs' counsel say, no, in fact, there are claims against in-state defendants. And the only reason we think they possibly could have been saying that was to defeat the federal jurisdiction. Then we go back to state court, and without any discovery, any other proceedings, in fact, only eight days after the remand order was procured, then they say, no, this is just a one-defendant case, just like it had been said in the interrogatories and the deposition testimony that led to the removal in the first instance. Would you at least call this a misrepresentation, the language used in 60B3? You're right. Well, 60B3 includes misrepresentation, fraud, and other misconduct. So we need not prove here today that this was a misrepresentation, but I do think at minimum they misrepresented their intent to pursue their claims in state court. I mean, once they got back to state court. And I think that's inconsistent with rule 60B3. I mean, it satisfies the rule 60B3 standard and also permits and is one of the reasons that fraudulent joinder was properly alleged here. Say we agree with you, what do you propose, that we send it back to the district court for that judge to make a clear and convincing finding of misrepresentation? Your Honor, I think we first respectfully request that you reverse the rule 60B3 denial and direct the district court to vacate its order remanding the case to state court. So you're asking us to make a finding that this conduct was clear and convincing? No, Your Honor. Rule 60B3 does not require a result-altering misconduct. It simply requires that there be a meritorious defense, which in our case would be fraudulent joinder, that Colgate was prevented from pursuing its best case, presenting its best case. And we believe that we were prevented from presenting our best case because of the jurisdictional manipulation that went on in the federal court. Once the court were to vacate, direct vacature of the remand order, then perhaps there could be additional proceedings with respect to whether federal jurisdiction is appropriate or not. It simply returns us to the status quo before entry of the remand order. And would the case then go to the Eastern District of Pennsylvania under the multi-district? No, there's been no request to MDL. I understand there hasn't been a request, but as a matter of course, wouldn't an asbestos – these are asbestos claims. These are asbestos claims, Your Honor. And all federal court asbestos claims, or virtually all, have been consolidated in a multi-district litigation, correct? I'm not aware of – You're not aware? Well, Your Honor, I don't know that these claims that are against Colgate, these new wave of asbestos claims would necessarily go to the MDL proceeding. I think we would need to – certainly need to brief that issue before the district court and the MDL. So I don't think that these are necessarily related to those prior asbestos litigations, which involved products that intentionally or were formulated with asbestos products. It's Colgate's position that there was not asbestos in this product and never intended it. So I don't get confused. You're not asking for vacature pursuant to Rule 11, but are you? That was one of the basis for our sanctions order, Your Honor, and I think you can get there either way. I think you can get there under Rule 11, the court's inherent authority to sanction, or frankly, the easiest route might be through Rule 60b-3. Well, it seems a little odd to me that under Rule 11 that we, as a punishment, we're kicking you into federal court. That's correct, Your Honor. We wouldn't – obviously, we can only be in federal court if there's federal jurisdiction, if there's diversity jurisdiction here, and we couldn't do that as a punishment. I agree, and I think that's perhaps why we're only seeking vacature of the remand order so that there can be a full and fair proceeding with respect to whether there is federal court jurisdiction here. We're not asking this court to impose federal court jurisdiction under Rule 60b-3 or under Rule 11. We're simply asking the court to return the case to the place that it was prior to the jurisdictional manipulation, and that can be done, we think, without offending Section 1440-17. I'm sorry. No, please, go ahead, Judge. Back to my question about the remand. Yes, sir. To direct the district court to vacate, aren't we making a finding that this conduct has been proven by clear and convincing evidence? No, Your Honor. That's the substantive standard as to whether fraudulent joinder is demonstrated in the first instance. I would say here the Rule 60b-3 standard doesn't present as high a bar. We need only show that there was a meritorious defense here, that there was fraudulent joinder, that it was potentially meritorious, and that we were deprived of the opportunity to put our best case forward. But the second part of that three-part test is the moving party must prove misconduct by clear and convincing evidence. Yes, you're right, Your Honor. That's the Rule 60b-3 test, and we think that there was misconduct. Oh, I may have misunderstood Your Honor's question. We do think that there's no dispute on the record here that there was misconduct by clear and convincing evidence. Absolutely, Your Honor. It's a paper record. The record is fully developed, and there's no need for a remand to the district court to make that determination. This court, in the first instance, we think is fully equipped to do that, and we respectfully request that it do so. We do think that the proper remedy is, in this instance, to remand for further proceedings with respect to whether there's jurisdiction. We think the district court relied on two reasons that were legally erroneous for not imposing any sanctions here whatsoever, and respectfully submit that on remand, if it were the district court to apply those, again, it would be legally erroneous. The district court held- I'm sorry. Could it ever be legal error for a district judge to refuse to impose a sanction? Yes, Your Honor. Give me a couple of examples. It would be legal error as opposed to an abuse of discretion. Well, one way in which a court, of course, can abuse its discretion is by committing a legal error, and I would say that, in this instance, the two bases that the district court gave at the bottom of its opinion on 11-06 and 11-08 are legally erroneous grounds for denying a sanction. See, this is what I'm confused about. What if the district court said, you know, I think plaintiff's counsel misbehaved, and I'm going to impose a monetary sanction of $100? Would you be satisfied? Well, of course, you wouldn't be satisfied. I understand that. But I guess what I'm trying to unpack here, you used the term sanction, and, again, my question was would it ever be legal error for a district court not to impose a sanction on counsel? And I'm having difficulty wrapping my brain around that idea. I understand, Your Honor. The whole idea of sanction is the exercise of discretion to correct, in this context, misbehaving counsel or party or a witness. The judge is there. I mean, Judge Nickerson isn't even the one before whom the misrepresentation allegedly took place, right? Well, there were two district court judges. He was one of the two district court judges. But, okay, and so that's what I'm struggling with. Are we looking at this? You want us to look at it through the lens of de novo legal error, but at the end of the day, it sure looks like a discretionary call to me. May I respond, Your Honor? Yes, go ahead. First, I think perhaps the easiest, easier way to look at this would be through the lens of Rule 60B-3, which we know that the district court didn't reach the merits of that ruling because it erroneously, in our view, held that it had no jurisdiction to consider the Rule 60B-3 ruling because it was powerless to vacate. That's legal error because I think that Rule 1447-B. Okay, so that doesn't get to the sanction. That gets to the question of whether the district court had jurisdiction, right? That's correct. So that's really what you want from us. At minimum, Your Honor, I think we should respectfully request that the court vacate the denial of Rule 60B-3 relief and remand for further proceedings with respect to the Rule 60B-3. But we don't have to vacate it in order to find legal error, do we? We simply say to the district court, look, you do have jurisdiction to consider this, right? I mean, it would be a vacater, of course, but it wouldn't be a vacater of the denial of sanction. It would be a vacater of the district court's erroneous legal interpretation of Rule 60B-3. That's correct, Your Honor. We're fine with pursuing just under Rule 60B-3 and vacating the denial for the jurisdictional reason. So it would go back, and the judge could say, all right, the Fourth Circuit says I have jurisdiction, but I'm not going to vacate my remand order. Would you have a right to appeal that? Yes, we would, Your Honor. On what basis? What would be the standard of review? The standard of review would be abuse of discretion. Okay. Thank you. Thank you. Thank you. Ms. Lilly? Good morning. May it please the Court? Just to put this thing in perspective, because Colgate has sort of mischaracterized what exactly happens down below as far as the filing of this motion for 60B-3 relief, the record was never developed below. I mean, what this started off with was a couple of removals. Those notices of removal cases were remanded back to state court by two different district court judges, and then Colgate then followed up in federal court eventually with some motions for sanctions based upon some apparent inconsistent statements between what was stated in the federal court and what was stated in the state court. The motion for sanctions claimed I misrepresented myself in front of both Judge Nickerson and Judge Quarles in the motions for remand. So this was active misrepresentations is how it was couched in the motion for sanctions. We did all the work on it, all the briefing on it. We explained the apparent inconsistencies were not as significant as it appeared the way Colgate had painted it up. And then in the 11th hour at the podium on rebuttal, Colgate basically crumbled up his motion for sanctions and decided to ask for the vacater of these remand motions. And it would be a couple days later when the Rule 60B3 motion would be filed. So everything had already been done, and it was at the very last minute that this motion was actually filed. I didn't even get a chance to oppose it before Judge Nickerson issued his opinion. So the record below is not in any way developed. We have not been able to raise any of our defenses, particularly the defense of timeliness. Well, notwithstanding all of that, Ms. Lilly, here's what Judge Nickerson's two orders say at the very end. Quote, in these particular circumstances, this court is not convinced that counsel's conduct is sanctionable. That's one order. The next order says, in these particular circumstances, this court is not convinced that counsel's conduct is sanctionable. So in light of the colloquy I had with counsel a moment ago, what are we here looking at? The judge has made a finding that there's no sanctionable conduct. Whether the district court is right or wrong on the jurisdictional issue that counsel says we can review de novo, what's left here? There isn't. What's the judge to do? There isn't anything left for the judge to do. He determined, I gave him our explanation for what happened in these proceedings. It was very complicated, included a change of position by Colgate after the reband. And I explained it to him, and he accepted my explanation in what happened in the court below. And that was within his discretion. Because when you're talking either a motion for sanctions or if you're talking about a motion 60B3 motion, you're talking about an abuse of discretion. So he agreed there was no misconduct in this case. So I don't know why Colgate keeps continuing to argue, oh, there's clear convincing evidence on the record of fraud. There's clear and convincing evidence on the record of fraud. When Colgate itself keeps changing its mind of what the wrongdoing is. It started out as an act of misrepresentation on my part. But then when I invited Colgate to point out any sentence, any factual lie, anything, everything I wrote in those motions for remand were substantiated by evidence I placed on the record. Colgate has never argued that I put in bad law or argued bad law to this court. It just gives these legal conclusions I made in argument like, oh, this raises an inference. I didn't know by saying this raises an inference that I would be misrepresenting something. But that's what Colgate argued to the court. That's just a legal argument. The court is free to disagree. I can say something raises a legal inference. The court is free to disagree. When we got to this motion saying suddenly it's not about an act of misrepresentation. Now it's an act of omission. I should have told the court we had no intention of going after local defendants during the remand proceedings. I wouldn't have told the court that because that was so far from the truth that would have been a lie. We did have intention of going after any defendant. We could prove or have a try, kind of develop the case record where there would be a triable exposure. We had every intention of doing that. The evidence just never came about. So then it turns from act of misrepresentation to act of omission. That now is manipulation of the jurisdiction. I don't even know what I did wrong anymore. The scene keeps changing the longer it goes on. We gave our explanation to Judge Nickerson. He agreed that there was no sensual misconduct, and that's where we are right now. Insofar as reviewability of remand orders, you know, 28 U.S.C. 1447 is pretty clear. That these remand orders are not reviewable on appeal or otherwise. And what the courts here in the Fourth Circuit have held is that this includes not just appellate review, but also review by the district court itself. In both Lowe and 3J Farms, they cite to a case called In Re Improvidencia Development. It's a First Circuit case. And that case really talks about the rationale behind this all-encompassing, very broad ban or prohibition to review. And it states it's because it's for comedy. It's for judicial stability. It's to keep cases to get bounced back and forth between one court to another court, which is exactly the posture we're in here today. This has been going on. We're nearing two years since the notices of removal were filed. And we're still arguing about where these cases are supposed to be. And that was the whole purpose of 1447D, to make sure that didn't happen. As was noted by the Improvidencia Court, district court judges have one shot. One shot, right or wrong. And so once that shot is taken, you can't take it back. And that even includes in cases like collateral attacks, when someone tries to file a declaratory action on the same issue something was remanded on. It's considered a violation of 1447D. It also goes to the appeal of denial of amend notice of the removal. That, according to Hunt v. Ackman Corp., is also considered a violation of 1447D. You know, it doesn't just go to the merits. It goes to the actual orders themselves. I mean, it goes to the orders themselves because if it's just stuck to the merits, then the whole purpose behind 1447D, as described in Providencia, to keep cases from flip-flopping back and forth between jurisdiction and jurisdiction, you know, just becomes useless. It becomes nothing. So, in essence, what Colgate is here saying today, that in some way, shape, or form, you know, there's no other exception to 1447. It's not a narrow prohibition we're talking about here. This is a broad prohibition that, and in fact, the Fourth Circuit itself is that you cannot get any more broad than on appeal or otherwise. I mean, that's very broad language. But Colgate says there's going to be an exception. It's going to be fraud, okay? And, you know, that's kind of smart because nobody likes fraud, so why not make an exception to 1447 for fraud? But even then, Colgate doesn't even admit that he's trying to make an exception to 1447 at all. It's just saying, well, we're not attacking those because it's not on the merits. And, basically, what Colgate is saying is that federal law allows for the imposition of federal jurisdiction as a punishment on parties. There is no statute out there that allows for the imposition of federal jurisdiction on the basis of fraud. Congress decides federal courts are courts of limited jurisdiction, and Congress decides what cases those courts hear. And there's just simply no statute describing that. But Colgate's argument is obtuse because it really is actually a direct attack on those remand orders. Most of Colgate's argument goes to the intent, our intent, in filing suit against certain local defendants, okay? The intent or lack of intent actually was contained in Colgate's notice of removal as a jurisdictional fact. And, in fact, both judges rejected those notice of removals, remanded them. But Judge Nickerson himself stated lack of intent of the plaintiff in and of itself is not enough to prove fraudulent joinder. He actually ruled on this very same issue. So it is a direct attack, no matter what Colgate says. And Judge Nickerson actually corrected the defendants on what the true standard is when it comes to intent. And in doing so, he cited to Willard v. United Parcel Service 413F2-593. So this was decided. Ms. Lilly, isn't it true that some of our sister circuits, to include the 11th and 5th Circuit, have said that a second bite can be had pursuant to 60 v. 3? I am not aware of those cases, Your Honor. I'm only going off of the 4th Circuit cases. Well, I mean, at the moment, this is not exactly first impression, but it's close. Well, one would have to wonder, then, if Congress intended for there to be exceptions of 1447D on the basis of fraud, then one would wonder why it wouldn't just say so in the statute. Because it did make an exception to that for federal office or jurisdiction, and it also did make an exception to that for civil rights cases. It's right there in the statute. So at least two bases of federal jurisdiction are excluded from this prohibition for review. If Congress also wanted some sort of fraud element, you know, corrective fraud element or alleged fraud, because we do deny that, Your Honor. I mean, we explained ourselves to Judge Nickerson. He accepted that. If Congress wanted to allow those appeals to move forward, it would have just put that exception in there right along with the other two that are there now today. The problem with Colgate is, and this is what I don't understand. Colgate is standing here saying, oh, you vacate the remand orders, and then we'll decide whether there's federal jurisdiction or not. That's what we'll figure it out once we get back up there. Well, why not just file a second notice of removal to begin with? Oh, that's right. Your 30 days are up. Because the way the removal statutes are set up, you know, you don't have just one bite of the apple. You can get a second if new jurisdictional facts come to light. If there really is fraud, concealment, subterfuge, and it comes late, you know, a couple years down the line, and at that point in time, it would open up another 30-day window because suddenly new jurisdictional facts have come to your attention that are separate from any previous remand because these were previously unknown facts. And so that is the proper way to handle a situation like this. Well, you do that under 60B2, which is essentially a newly discovered evidence part, not 60B3, the scenario you just outlined. No, no, I'm talking about filing brand new notices of removal in the state action using the removal statutes. The proper remedy is through a new removal. It's through the removal statutes. You know, the remand is finished. Once the remand has been signed, it's unreviewable on appeal or otherwise, okay? But if, after that, new facts come to attention, those jurisdictional facts are different than the jurisdictional facts you placed in the previous removal because these new facts were, at that point in time, unknown. And so it would be a brand new removal on a brand new factual basis, if you understand what I'm saying. But that, you know, and that gains, there's some authority for that in the removal statutes themselves because that situation wouldn't work in the case of diversity if the diversity statutes had stayed the same because of the one-year timeline. So a plaintiff could hide diversity for a year, wait it out, and then the defendants, even if it did come to light that some sort of concealment happened and the defendants would be powerless to remove it because of the expiration of the one year. But Congress made an exception to that to make sure that loophole was completely closed. And in that situation, it says, you know, yeah, you have one year to allow diversity to develop. After which, except for in cases where the district court finds bad faith on the part of the plaintiff for the purpose of avoiding diversity jurisdiction. So in the cases where there is any sort of misconduct or concealment, you know, any attempt to conceal the federal nature, you know, these defendants will have the opportunity to rectify that because, you know, whether it's diversity or anything else, as soon as those facts come to light, then the opportunity to remove will be had. But what Colgate wants you to do is basically excuse its lack of, you know, And I'm not sure that would have worked for them anyway, but that's another story altogether. But that's how you would do it. You would re-remove the case. You would reassert federal jurisdiction. And it would be completely separate from those remand orders. But what they're trying to get you to do here is to literally, you know, Rule 60B-3 to second-guess Judge Quarles' decision to remand the case and Judge Nickerson's decision to remand the case. And Judge Nickerson already rejected Colgate's intent argument, and that was done the first time around. So this is a review on the merits of that first case. Are there any other questions? Thank you, ma'am. Thank you. Counsel's first line was that the record is not developed below. Well, the answer to that is let's remand for further consideration of the Rule 60B-3 motion. The district court did not reach that motion because it ruled that it did not have jurisdiction to do so. If you remand, there can be further proceedings on that, and it could include with respect to the timeliness of the motion, if counsel seeks to press that argument. Well, going back to Judge Davis' question, let's suppose we do that. What is the abuse of discretion standard? Yeah, as Judge Davis said, what's left for the district court to do on remand? Well, they could, I mean, I assume with that answer that the court could deny your 60B-3 motion. If you just vacate the present denial and don't outright reverse it, then on remand the district court could. It wouldn't be bound by your mandate. It could deny the motion as well. But Judge Davis had asked earlier what is left to do on remand given the bottom paragraph on page 1106 and 1108. And I want to be clear that the district court made those statements in evaluating the sanctions motion. It didn't make those statements in evaluating the rule 60B-3 motion, which has a different standard, as we've discussed already today. But more importantly, the two bases for the district court's rulings are legal error. But before the district court even made that, let me remind the court that the district court found that there was a sharp conflict between what occurred in federal court and what occurred in state court, and the district court found that troubling. It's on 1106 and 1108. But it declined to order sanctions for two reasons. One, because it found that there were two lawyers, one lawyer in state court, one lawyer in federal court. But that's an error of law, Your Honor, because those, both of those statements are, both those counsel were from the same law firm, and both of those statements, or all of those statements are imputed to the plaintiff. It's a matter of Maryland law for imputation. The second legally erroneous ground for denying the sanction was that this occurred in different contexts, as Judge Cogborn spoke about earlier. But that's also no answer, and that in fact is precisely Colgate's point. Counsel can't say one thing in federal court when it's advantageous for it to do so, and then eight days later go to state court and make the opposite statement when it's advantageous for it to do so there. That's exactly what occurred here, and it's legal error for the district court to rely on the two contexts. The next, if I could turn to section 14, oh, sorry, before getting to 1447D. Counsel said that the evidence never came in, that perhaps they had the intent to pursue, but it just never came in. But their undisputed record refutes that, Your Honor. As I said earlier, there was no intention from the get-go based upon the statements that we know from the depositions and interrogatories of the plaintiffs here. They said that they were only pursuing Colgate, then they go to federal court and say it's a multi-defendant case, and then we're back in state court and say, oh, it's that one defendant case. Quote, the glimmer of hope just rests up in federal court. That, with respect, Your Honor, there were no changed circumstances. If there had been changed circumstances, then perhaps it would be a different case. But if you have any doubt about that, the remedy is to remand for further consideration in the district court. What about Ms. Lilly's argument that what you should have done is filed a second motion for approval? Absolutely, Your Honor. We were not allowed to do that. Section 1446C imposes a one-year limitation from the commencement of the case in which you can remove a case based upon diversity. That was the 2010 version of the statute which we're operating under here. Effective January 6, 2012, Congress amended the statute to give a bad faith exception to allow you to extend or to remove outside that one-year period. Colgate cannot take advantage of that because these cases were filed in 2011. But that clarification shows and reinforces that Congress did not intend to reward plaintiffs that were engaged in jurisdictional manipulation like that here. So we think that 1447D certainly doesn't reflect any intent by Congress to allow the machinations that we have been discussing today. Council also spoke about that there was no reason to impose an exception within 1447D. We're not seeking an exception to 1447D. We think the plain language of 1447 limits, restricts, and only bars review of the remand order. Colgate has never sought review of the remand order. It has only sought review of counsel's collateral conduct. Therefore, we respectfully request that this court reverse the district court's denial of its Rule 60B3 motion or, at minimum, vacate and remand for further proceedings. Thank you. Thank you. We'll come down and brief counsel and then take a short recess in order to reconstitute the panel. This court will take a brief recess to reconstitute the panel.
judges: Henry F. Floyd, Andre M. Davis, Max O. Cogburn